# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 15, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARK A. STEMPLE,**
**Claimant Below, Petitioner**

**vs.)   No. 14-1231**  (BOR Appeal No. 2049479)
                         (Claim No. 2013006536)

**AEGIS COMMUNICATIONS GROUP,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mark A. Stemple, by J. Robert Weaver, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Aegis Communications Group, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 29, 2014, in which the Board affirmed a May 6, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 27, 2012, and August 26, 2013, decisions rejecting Mr. Stemple's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 31, 2012, Mr. Stemple filed a Report of Injury alleging that he sustained a head contusion, ankle sprain, and neck sprain following a fall at work earlier that day. On September 4, 2012, Mr. Stemple filed a second Report of Injury alleging that he injured his head and neck when he slipped in a puddle of water in a men's restroom and fell on August 31, 2012. Following the alleged injury, Mr. Stemple was treated by Kranthi Ragireddy, M.D., who noted that Mr. Stemple reported a worsening of his chronic, pre-existing headaches; dizziness; poor concentration; and gait problems after he fell in a puddle of water and struck his head on the

1

restroom floor while at work on August 31, 2012. However, after reviewing Mr. Stemple's medical record, Dr. Ragireddy noted that his current symptoms pre-dated the reported August 31, 2012, fall and opined that his current symptoms are therefore unrelated to the reported fall at work.

On September 27, 2012, the claims administrator issued a decision correcting its prior September 5, 2012, decision holding the claim compensable and rejected the claim based upon a finding that Mr. Stemple did not sustain an injury in the course of and resulting from his employment. On August 19, 2013, Mr. Stemple testified in a hearing before the Office of Judges. He stated that he assumed that he slipped in a puddle of water because he later noticed that his back and leg were wet. However, he testified that he only recalls walking into the restroom, feeling weightless, hitting the floor, and losing consciousness. He admitted experiencing vertigo in the months leading up to the incident and testified that following the incident his chronic headaches have intensified.

On August 26, 2013, the claims administrator issued an additional decision clarifying that its September 27, 2012, decision was intended to supersede all prior decisions and once again stating that the claim has been rejected based upon a finding that Mr. Stemple did not sustain an injury in the course of and resulting from his employment. In its Order affirming the September 27, 2012, and August 26, 2013, claims administrator's decisions, the Office of Judges held that a preponderance of the evidence fails to demonstrate that Mr. Stemple sustained an injury in the course of and resulting from his employment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated October 29, 2014. On appeal, Mr. Stemple asserts that the evidence of record clearly demonstrates that he sustained an injury in the course of and resulting from his employment.

At the outset of its analysis, the Office of Judges found that Mr. Stemple has simply inferred that he slipped in a puddle of water on the restroom floor based solely on his observation that the floor was wet, which was made after he regained consciousness. Further, the Office of Judges noted that the evidentiary record indicates that Mr. Stemple has a longstanding history of suffering from chronic headaches accompanied by dizziness and weakness in the limbs. Specifically, the Office of Judges noted that at a medical appointment three days before the alleged fall, it was observed that Mr. Stemple was experiencing difficulty walking and was required to utilize the office walls for support. At the same medical appointment three days before the alleged fall, Mr. Stemple reported experiencing dizziness, weakness, shortness of breath, blurry vision, and numbness and weakness in the extremities. Finally, the Office of Judge took note of Dr. Ragireddy's opinion that Mr. Stemple's current symptoms pre-existed the alleged fall and therefore are not related to the alleged August 31, 2012, incident.

We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. The evidentiary record does not clearly establish that Mr. Stemple slipped and fell in a puddle of water. The medical evidence of record clearly demonstrates that in the days prior to the alleged incident, Mr. Stemple was experiencing symptoms which greatly impaired his ability to walk unassisted and seemingly also affected his coordination. Further, the Office of Judges correctly noted that Mr. Stemple's conclusion that he slipped in a puddle of water rests

2

solely on his observation that there was water on the floor. Finally, Mr. Stemple's own primary care physician declined to attribute his current symptoms to the alleged August 31, 2012, fall at work.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 15, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin